## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| A.I.G. AGENCY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:17-cv-01502-SEP |
| ) | |
| AMERICAN INTERNATIONAL GROUP, ) | |
| INC. d/b/a AIG, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Before the Court are three unopposed motions for leave to file under seal: two by Defendant American International Group, Inc., Docs. [193], [198], and one by Plaintiff A.I.G. Agency, Inc., Doc. [202]. For the reasons set forth below, the motions are denied.

### FACTS AND BACKGROUND

Defendant filed an unopposed motion for leave to file under seal several exhibits in support of its Motion to Bifurcate Trial. Doc. [193]. Defendant later moved to withdraw its motion to bifurcate, Doc. [221], which the Court granted. Doc. [226].

Defendant also moves for leave to file under seal a memorandum of law in support of its Motion to Exclude Testimony of Jeff Anderson. Doc. [198]. Defendant asks the Court to seal its brief and one exhibit, the expert report prepared by Jeff Anderson. Defendant argues the brief and exhibit contain confidential information under the Protective Order, Doc. [184], "the disclosure of which may be harmful to [Defendant]." Doc. [199] at 1. Defendant also argues that there is "good cause" to grant the motion because "the one exhibit sought to be sealed is a document noted as 'Highly Confidential' by Plaintiff." *Id.* at 2.

Plaintiff moves for leave to file under seal its Response to Defendant's Motion to Exclude Expert Testimony, along with two exhibits. Doc. [202]. Plaintiff argues the information should be sealed because it "contains confidential business information of the Defendant." Doc. [203] at 1. Plaintiff says that redactions are insufficient because "the surrounding discussions and general context in the material would reveal the nature and specifics of the confidential information." *Id.* at 2.

**LEGAL STANDARD**

There is a "common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, (1978)). When evaluating motions to seal, the "court must first decide if the documents in question are 'judicial records,' and if so, must next consider whether the party seeking to prevent disclosure has overcome the common-law right of access." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (quoting *IDT Corp.*, 709 F.3d at 1222-23). "The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt*, 885 F.3d at 511 (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)). "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and [the] resultant value of such information to those monitoring the federal courts." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

**DISCUSSION**

**I.    The request to seal documents related to the Motion to Bifurcate is moot.**

Defendant moved to withdraw its Motion to Bifurcate Trial on August 29, 2023. Doc. [221]. The Court therefore denies the corresponding Motion for Leave to File Under Seal, Doc. [193], as moot.

**II.   The motions for leave to file documents related to the Motion to Exclude Testimony under seal do not comply with Local Rule 13.05.**

The parties' other sealing motions fail to follow Eastern District of Missouri Local Rule 13.05. Under that rule, the proponent of sealing must file an unsealed motion for sealing that generally describes "the material or information sought to be filed under seal without disclosing the substance of the material sought to be kept confidential"; "the legal grounds for sealing"; and, if requesting indefinite sealing, "the reasons supporting the request." E.D.Mo. L.R. 13.05(A)(4)(a). The movant also must file under seal a "Memorandum Supporting Sealing" that states "the specific legal and factual reasons justifying the sealing." *Id.* at 13.05(A)(4)(b)(i). The fact that the relevant information is designated as confidential by a protective order is "relevant to, but not dispositive of," the Court's sealing decision. *Id.* at 13.05(A)(3).

The parties' briefs supporting sealing fail to provide a factual basis to justify sealing. Because the Court decides motions for leave to file under seal "in light of the relevant facts and

circumstances of the particular case," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978), lack of admissible evidence alone constitutes a basis for denying the motion. *Skky, LLC v. Facebook, Inc.*, 191 F. Supp. 3d. 977, 981 (D. Minn. 2016) ("Defendants assert that the information they redacted constitutes 'confidential and sensitive business and personnel information' . . . . But Defendants make no effort to support these bare assertions with any evidence."); *see also United States v. Hughes*, 2022 WL 3700907, at *3 (E.D. Mo. Aug. 26, 2022). The only justification offered for sealing is that the information has been designated confidential under the protective order. *See* Doc. [199] at 1 ("[T]he redacted information in its Brief constitutes confidential information under the so-ordered Stipulation for Protective Order, [Doc. [184]], the disclosure of which may be harmful to AIG."); Doc. [203] at 1 ("[T]he information that needs to be sealed . . . contains confidential business information of the Defendant. This information was exchanged pursuant to the Protective Orders entered by the Court . . . ."). That is not dispositive of the sealing question under Local Rule 13.05. The parties' briefs lack "specific legal and factual reasons justifying the sealing," E.D.Mo. L.R. 13.05(A)(4)(b)(i), and instead rely on vague assertions of harm and their protective order.

      The law does support granting properly supported motions to seal confidential business information, but here the parties have provided no evidence and only generic justifications. They have failed to provide "compelling reasons" for keeping specific information under seal. *Flynt*, 885 F.3d at 511; *see also Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1223 (Fed. Cir. 2013) (sealing was appropriate when "Apple submitted declarations from several Apple employees . . . explaining the measures Apple takes to maintain each document's confidentiality and describing the competitive harm Apple would suffer from disclosure"). Therefore, their motions must be denied.

      Accordingly,

      **IT IS HEREBY ORDERED** that Defendant American International Group, Inc.'s Motion for Leave to File Under Seal, Doc. [193], is **DENIED as moot**. Defendant has fourteen (14) days to withdraw the sealed documents relating to the withdrawn Motion to Bifurcate Trial from the docket. *See* E.D.Mo. L.R. 13.05(A)(4)(g).

      **IT IS FURTHER ORDERED** that Defendant American International Group, Inc.'s Motion for Leave to File Under Seal, Doc. [198], is **DENIED**.

3

**IT IS FURTHER ORDERED** that Plaintiff A.I.G. Agency, Inc.'s Motion for Leave to File Under Seal, Doc. [202], is **DENIED**.

**IT IS FINALLY ORDERED** that this Order is stayed for fourteen (14) days to allow for appeal of the denial of Docs. [198] and [202] or filing of a meritorious motion for leave to file under seal in conformity with Local Rule 13.05.  *See* E.D.Mo. L.R. 13.05(A)(4)(g).  Barring one of the foregoing, the Clerk is ordered to unseal Docs. [194] through [194-6], [199] through [199-2], and [203] through [203-3], effective October 2, 2023.

Dated this 18th day of September, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE