UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| A.I.G. AGENCY, INC., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>AMERICAN INTERNATIONAL GROUP, )<br>INC. d/b/a AIG, )<br>)<br>Defendants. ) | No. 4:17-cv-01502-SEP |

## MEMORANDUM AND ORDER

Before the Court is Defendant American International Group, Inc.'s Motion for Continued Sealing, Doc. [254]. For the reasons set forth below, the motion is granted in part.

Defendant seeks to keep various filings under seal. *See id*. at 5. Defendant claims that the sealed documents "contain confidential and competitively sensitive information, and fall into the following categories: (a) competitive and sensitive marketing materials from Defendant's in-house archives; (b) correspondence between the parties regarding sensitive trademark information and use; (c) documents prepared by Defendant which list sensitive business relationships and relevant information; (d) parties' motions that address the formerly mentioned categories of confidential information; and (e) testimony (both deposition and written expert reports) of witnesses that address similar categories of confidential information as above." *Id*. at 2-3. "The unsealing of these documents," Defendant argues, "would directly injure Defendant by releasing information that should not be made public." *Id*. at 3.

There is a "common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). "The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)). "The district court 'must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed.'" *In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*, 9 F.4th 768, 791 (8th Cir. 2021) (quoting *IDT Corp.*, 709 F.3d at 1223.). "[T]he

weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and [the] resultant value of such information to those monitoring the federal courts." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). "[J]udicial records and documents generally will 'fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance.'" *Id*. at 1223 (quoting *Amodeo*, 71 F.3d at 1049). When the documents sought to be sealed are filed with dispositive motions, the presumption of public access is harder to overcome. *See Ball-Bey v. Chandler*, 2024 WL 888396, at *4 (E.D. Mo. Feb. 13, 2024) (collecting cases).

First, Defendant asks the Court to keep under seal documents that were filed before the amendment to Local Rule 13.05, which took effect in June 2021. Rule 13.05, as amended, more emphatically "recogniz[es] and emphasiz[es] the public's right of access to most court documents" than its predecessor. *Mason v. D&D Pizza*, 2022 WL 1471343, at *1 (E.D. Mo. May 10, 2022). As the parties proceeded in good-faith reliance on the Court's pre-amendment ruling, the following documents will remain under seal indefinitely: [73]; [73-1]-[73-13]; [78]; [79]; [80]; [80-1]-[80-50]; [90]; [90-1]-[90-22]; [101]; [102]; [102-1].

Next, Defendant asks the Court to keep under seal its Memorandum of Law in Support of Defendant's Renewed Motion for Summary Judgment, Doc. [169]. As required by Local Rule 13.05, Defendant filed a redacted version of the memorandum on the public docket. *See* Doc. [167]. The version available on the public docket contains very limited redactions. Thus, Doc. [169] may remain under seal indefinitely.

Finally, Defendant asks the Court to keep under seal documents filed in connection with its Motion to Exclude Testimony of Jeff Anderson. In its September 18, 2023, Order, Doc. [233], the Court denied Defendant's Motion for Leave to File Under Seal, Doc. [198], because Defendant failed to provide "compelling reasons" for keeping specific information under seal. *See* Doc. [233]. The Court stayed the Order for fourteen (14) days to allow for appeal or the filing of a meritorious motion for leave to file under seal in conformity with Local Rule 13.05. Barring one of the foregoing, the Clerk was ordered to unseal the documents. Even though Defendant never appealed or filed a meritorious motion, the documents were never unsealed. Thus, the Court will allow Defendant until May 2, 2025, to file a motion for continued sealing that is *specific* to the sealed documents filed in connection with its Motion to Exclude Testimony

of Jeff Anderson. At a minimum, information directly quoted or cited in the Court's Order, Doc. [232], must be unredacted and filed on the public docket. *See, e.g.*, Docs. [232] (directly quoting from Jeff Anderson's expert report); [199-2] (Jeff Anderson's expert report filed under seal in its entirety).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant American International Group, Inc.'s Motion for Continued Sealing, Doc. [254], is **GRANTED in part**.

**IT IS FURTHER ORDERED** that, **no later than May 2, 2025**, Defendant must file a motion for continued sealing that is *specific* to the sealed documents filed in connection with its Motion to Exclude Testimony of Jeff Anderson.

Dated this 31st day of March, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

3